JOSEPH ORDZIEJEWSKI, PLAINTIFF-PROSECUTOR, v. RUTH M. ELVIN, DEFENDANT-RESPONDENT.

Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-prosecutor, *Isadore Rabinowitz*.

For the defendant-respondent, *Charles C. Stalter*.

PER CURIAM.

This case comes up on plaintiff's rule to show cause why a verdict in the amount of $750 rendered for the plaintiff and against the defendant at the Passaic Circuit should not be set aside on the ground of inadequacy and a new trial granted as to damages only. The single reason presented is that the damages awarded by the jury are inadequate. Whether or not the damages are inadequate depends upon the extent and permanency of the injuries as determined by the jury. The evidence presented by the plaintiff is divergent. That of the attending physician reflects a less serious condition than that of a specialist who did not render professional services to the plaintiff and whose single examination of the plaintiff was shortly preceding and apparently for the sole purpose of the trial. We are in doubt as to whether the verdict is so plainly inadequate as to justify our interference. *Herstein* v. *Choate*, 4 *N. J. Mis. R.* 996. But the defendant does not resist a trial *de novo*. Such a direction may be made on the present rule (*Doucha* v. *Hamilton*, 8 *N. J. Mis. R.* 890), and we think that the problem of the case may best be met by that solution.

The verdict will be set aside *in toto* and a new trial granted.